FRANK A. WEISER, (Bar No. 89780)
LAW OFFICES OF FRANK A. WEISER
3460 Wilshire Blvd., Ste. 1212
Los Angeles, California 90010
Tel: (213) 384-6964
Fax: (213) 383-7368
E-Mail: maimons@aol.com

Attorney  for Plaintiff
FREDA PHILOMENA
D'SOUZA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDA PHILOMENA D'SOUZA, | Case No. |
| | **COMPLAINT FOR DAMAGES; INJUNCTIVE AND DECLARATORY RELIEF** |
| Plaintiff, | **[Violation of Federal Civil Rights - 42 U.S.C. Section 1983]** |
| vs. | |
| CITY OF SAN CLEMENTE, a municipal corporation; BEVERLY THOMPSON, ADAM ATAMIAN; ANTHONY KURTZ; AND DOES 1 THROUGH 10 INCLUSIVE, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

1

Plaintiff FREDA PHILOMENA D'SOUZA ("Plaintiff") hereby files the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1.     Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(3). This action, which arises under the laws and Constitution of the United States, specifically, the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and involves violations of federal law actionable pursuant to 42 U.S.C. Section 1983. State supplemental jurisdiction exists pursuant to 28 U.S.C. Section 1367,

2.     Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that Defendant CITY OF SAN CLEMENTE, a municipal corporation ("Defendant" or "City"), is a public entity in this District, the claims arose in this District, and the Defendants reside in this District.

## PARTIES

3.     At all times material herein, Plaintiff, an individual and a long time resident of the City, was the owner and operator of real property and three short term rental units ("STLU") commonly known as Sea Breeze Townhouse, A; Sea Lion Townhouse, B; and Sea Horse Studio, C, located at 167 Avenida Florencia, San Clemente, CA 92672 ("Property").

4.     The City is a municipal corporation formed and operating under as a general law city under the laws of the State of California.

5.     At all times material herein, Defendant BEVERLY THOMPSON ("BT") was the Senior Code Enforcement Officer for the City.

2

6.     At all times material herein, Defendant ADAM ATAMIAN ("AT") was the Code Compliance Manager for the City.

7.     At all times material herein, Defendant ANTHONY KURTZ ("AK") was the Code Enforcement Officer for the City.

8.     The true names and capacities, whether individual, corporate, associate or otherwise, herein named as DOES 1 through 10, and persons heretofore unknown involved in the actions taken against plaintiff is unknown to him at this time. Plaintiff is informed and believes and based thereon alleges that each of the DOE defendants are responsible in some manner for the occurences herein referred to, and that plaintiff's injuries and damages as herein alleged were proximately caused by those defendants. Plaintiff sues said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiff will amend this complaint when the true names and capacities of said DOE defendants are ascertained. Each reference in this complaint to "defendant", "defendants" or a specifically named defendant also refers to defendants sued under fictitious names.

## **PRELIMINARY FACTUAL HISTORY**

9.     Plaintiff is a well known and highly respected resident of the City. She is a highly acclaimed composer and musician, and as an example, composed the song "Sweet San Clemente": that was adopted as an official City song by the Mayor and City Council in 2008 by way of City Resolution No. 08-23.

10.     In 2012, Plaintiff applied for STLU permits for the three units at the property which was granted by the City.

11.     Plaintiff continued to pay for the renewal of the STLU permits and received permits to operate the three units at the property as such for the years of 2013 to 2017 inclusive/

12.     In 2017, due to serious financial difficulties Plaintiff was facing, she filed a Chaper 11 Banruptcy in the United States District Court for the Central District of California bearing a case no. of 8:17-bk-14351-TA. ("Bankruptcy Case").

13.     Included in the Banruptcy Case were the three STLU units at the property.

14.     In 2018, the City audited the three STLU units at the property regarding reporting and payment of transient occupancy tax ("TOT") to the City and after a hearing in July of 2018, the City claimed a deficiency owed by Plaintiff in August of 2018.

15.     Plaintiff filed for a renewal of the STLU permits for the three units in June of 2018 and paid the permit fees which were accepted by the City  but never received the permits at the time and was subsequently informed by the City and CGD that she was entitled to only two permits.

16.     In issuing the Plaintiff only two permits for the STLU units at the property, the City did not conduct a due process hearing giving Plaintiff notice and opportunity to respond and has refused and continues to refuse to do so until the present.

17.     The TOT audit was conducted by the City and the Defendants TR and MY, who workling with the Defendants, and each of then, and with knowledge and approval of the Mayor and City Council, agreed that Plaintiff's right to operate the three STLU units should be terminated for failing to be current wuth  the TOT.

4

18.   In doing so, the City and all the Defendants, and each of them, and with knowledge and approval of the Mayor and City Council, agreed that the most efficient method of terminating Plaintiff's short term rental units was to deny Plaintiff any further extensions on her permits, and in August 2018, subsequent to the issuance of the two permits for the STLU units,  then revoked such permits already issued, without conducting a due process hearing giving Plaintiff notice and opportunity to respond and has refused and continues to refuse to do so until the present.

19.  The City, and the Defendants and each of them, was done pursuant to City Municipal Code section 17.72.060(G)(1)(b) which provides that an STLU owner be current on remittance of all TOT at the time that an extension is made but does not provide for a requirement of a hearing initiated by the City in the case of the denial of the extension or revocation to an STLU owner who is already operating such units with City permits.

20.   At all times material herein, the denial of the extension application and then subsequent revocation of the issued and approved STLU permits, Plaintiff's Bankruptcy Case was still pending and the City, and the Defendants, and each of them, never received a lifting of the automatic stay provisions under 11 U.S.C. Section 362 to take the actions stated in regard to the refusal to extend and revocation of the STRU permits. .

21.   On or about September 14, 2018, the Chapter 11 Reorganization Plan was adopted and confirmed in the Bankruptcy Case, with notice to and without objection by the City, and specified that Plaintiff would have the ability to pay the claimed delinquent TOT over a period of time and further provided that Plaintiff and the Bankruptcy Estate would be provided income to do so by way of operation of the three STLU units at the property.

5

22.     The appeal period to appeal the adoption and confirmation of the Reorganization Plan expired on September 29, 2018 and the City failed to do so.

23.     Pursuant to the City's policy to terminate and place Plaintiff out of business at the property in the operation of her STLU units, the City, and Defendants BT, AT, and DOE 1, came onto the closed and private areas of the property on multiple occassions in 2018 and in 2019, and specifically in one instance in November 2019, and continuing in 2020, without Plaintiff's consent or a court order or administrative warrant, in order to search and investigate whether Plaintiff was operating the three units as STLU.

24.     On July 1, 2020, the City and BT sent Plaintiff a cease and desist letter regarding the claim that Plaintiff was advertising the units at the property as STLU without permits, although at no time  prior to July 1, 2020, did the City, BT, AT, and DOE 1 ever issue Plaintiff any code citations nor ever issue Plaintiff any code citations for operating the units at the property illegally .

25.     The July 1, 2020 cease and desist letter permitted Plaintiff thirty (30) days to correct the alleged violations.

26.     Although Plaintiff contends that the denial of the extension and revocation of the STLU permits were void as a matter of law in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and in violation of the automatic stay provisions under 11 U.S.C. Section 362, Plaintiff in fear of ant legal reprucussions, complied with the cease and desist letter within the thirty (30) day period.

6

27. Yet, on August 24, 2020, and August 25, 2020, the City and BT issued multiple administrative citations and fines to Plaintiff for allegedly advertising and operating the units as STLU without the permis, and in doing so showed alleged advertising screen shots on the internet from July 22, 2020 for the property, more than 30 days prior to the issuance of the citations and well within the 30 days allowed to comply with the cease and desist letter.

28. In fact, Plaintiff had fully complied within the 30 day period of the cease and desist order, and had BT simply clicked thr "book now" button on any of the advertising sites, she would have received an error message showing the units were a thirty (30) day plus rental which does not require a STLU or other City permit

29. Upon Plaintiff's receipt of the August 24, 2020, and August 25, 2020 administrative citations issued by the City and BT, Plaintiff immediately requested and made a timely appeal of the citations and stated in her request for an appeal the facts stated in paragraphs 30 and 31 above, and in doing so requested an opportunity to contest the citations and criticised the City and BT for acting improperly..

30. On September 19, 2020, the City and AT responded to Plaintiff's request for an administrative hearing and appeal of the citations by stating to her that she deposit $1,896.07 in appeal fees and threatened her with criminal charges.

31. On September 25, 2021, Plaintiff filed a federal civil rights suit against the City, BT, AT, and other City employees under 42 U.S.C. Section 1983 in this court and the case is entitled <u>Freda D'Souza v City of San Clemente, et al</u>; USDC Case No. CV20-1863-FLA-DFM. ("Case 1").

32.   On January 11, 2021, the City filed an Answer to Complaint and the case is set for trial and pending in this court.

33.   Plaintiff does not litigate in this case the facts and claims set forth in Case 1 against the City and the facts alleged in paragraphs 9-32 are preliminary facts to the claims in this suit. The additional facts that form the basis of this suit are as follows:

34.   Plaintiff's request for an administrative appeal of the citations set forth in paragraphs 24-30 above came on for hearing before a MORGAN L. FOLEY, an administrative hearing officer for the City ("MF") ("Appeal").

35.   The appeal was continued on February 12, 2021, and concluded on February 18, 2021, having been heard on those three dates by online video and telephone conference duly and regularly given

36.   On April 5, 2021, MF issued a decision in the appeal in favor of the City based on his findings of facts and detrmination of legal issues as set forth in the written decision attached hereto as Exhibit "A". ("Decision").

37.   At the appeal, Plaintiff's counsel, who is representing her in Case 1 and in this case made an England reservation of the federal claims in Case 1 pursuant to England v State of Louisiana, 375 U.S. 411 (1964) and Ninth Circuit case law.

38.  At the initiation of the hearing Plaintiff's counsel objected on federal procedural ue process grounds that MF was improperly unilaterally paid and appointed as the  hearing officer by the City and that he should recuse himself as such as the hearing officer. MF overruled the objection.

39.  MF's appointment as the hearing officer was based on lonstanding City policy and custom and practice.

40.  Plaintiff also made legal objections to the constitutionality and application of the City ordinances set forth in the Decision under the federal Due Process "Void for Vagueness' dctrine; the Fourth Amendment, the Fifth Amendment Takings Clause, the Substantive Due Process Clause, and the Equal Protection Clause.

41.  The Decision mischarecterized the legal objections in making its ruling overrulling such objections.

42.  Specifically, Article III of Chapter 3.24 of the City Municipal Code criminalizes on its face and as applied to Plaintiff speech that is a protected under the First Amendment.

43.  The Decision erroneously distinguished between commercial speech and non-commercial speech in settting forth the level of protection under the Fourth Amendment although there is no original philosophical or historical basis for such a distinction and past and present members of the Supreme Court have objected to the test formulated in Central Hudson Gas & Electric Corp. v Public Service Commission, 447 U.S. 557 (1980) as no more than based on policy and not the text or original history of the First Amendment.

44.  In addition,  Article III of Chapter 3.24 of the City Municipal Code criminalizes on its face and as applied to Plaintiff non-commercial speech and is "void for vagueness" both on its face and as applied to Plaintiff.

45.  Plaintiff also objected to the City's gathering of evidence in support of the citations presented in the appeal in violation of the Equal Protection Clause, substantive Due Process Clause and the Fourth Amendment of the United States Constitution.

9

46.   Specifically, the Decision mischaracterized the evidence and arguments in this regard, as AK testified under oath that he was instructed by AT and BT to conduct a continuous surveillance of Plaintiff's property which he did at least four days a week from on or about June 19, 2020 until the present without Plaintiff's consent, prior knowledge to the hearing, or a court order, even though AK and the defendants admitted on the record that he and code enforcement does not and has not done so for other similarly situated property owners who are alleged by the City to be advertising short term rentals in violation of Article III of Chapter 3.24 of the City Municipal Code.

47.   AT testified at the appeal that he is the final decision and policy maker for the City who authorized the actions and ggathering of evidence and citations by BT and AK and that such actions by himself, BT and AK were also authorized pursuant to  Article III of Chapter 3.24 of the City Municipal Code, and specifically City Municipal Code sections 3.24.180(A), 8.52.20, and 3.24.270(B).

48.   The Decision made no reference to the Fourth Amendment and substantive due process objection.

49.   Plaintiff presented evidence contradicting the findings of facts made in the Decision; specifically facts 2, 3, 4, 5, 7, 8, 11, 12  and pursuant to the England reservation of Case 1, it is also disputed that at the time of the citations that she did not have an STLU for the property.

10

50. The Decision also found that he could not find Plaintiff in violation of City Municipal Code sections 3.24.270(B) on July 22, 2020 or July 22, 2020 as those sections make it a misdemeanor to violate the sections and he had no authority to find that Plaintiff had committed a crime. The evidence presented at the appeal also showed that the City and the defendants AT and BT threatened Plaintiff with criminal prosecution under the City municipal code even though their enforcement activities as authorized by the ordinance and polocy and custom was only civil in nature and that Plaintiff disputed to the City and BT that she was violating the City's ordinances.

Based on the above facts, Plaintiff alleges the following claims:

**FIRST CLAIM FOR RELIEF**

**(Violation of Civil Rights Under 42 U.S.C.**

**Section 1983 by All Plaintiffs Against All**

**Defendants)**

51. Plaintiff realleges and incorporates herein by reference to each and every allegation contained in Paragraphs 1 through 50, and all its subparts, inclusive, as set forth hereinabove.

52. Plaintiff is informed and believes, and based upon such information and belief alleges, that in doing all of the things herein mentioned, the City and defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of San Clemente, and the State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

11

53.   Plaintiff is further informed and believe, and based upon such information  and belief allege, that by  taking the actions hereinabove alleged in paragraphs 1-50 above, the City and defendants, and each of them, violated and further threatens to violate the constitutional and civil rights of Plaintiff, in particular her individual rights under the First and Fourteenth Amendments of the United States Constitution to be free from threats of criminal prosecution, retaliation and burdening of her petition rights under the Petition and Grievances Clause and Free Speech Clause of the First Amendment; violated her individual rights under the Fourth and Fourteenth Amendments of the United States Constitution under the Search and Seizure Clause to be free from to be free from an unreasonable search, seizure and interference with her possesion of  her property; and further violated under the Fifth Amendment and Fourteenth Amendments of the United States Constitution under the Takings Clause  in that the citations and fines issued constitutes an unconstitutional  taking of her property in violation of such clause;  further   violated   her  individual  rights  under  the  substantive  and  procedural components of the Due  Process Clause of the Fourteenth Amendment; and further violated her individual rights under the Equal Protection Clause Fourteenth Amendments of the United States Constitution.

54.   The City's actions described in paragraphs 1-50 above were done pursuant to official policy, custom, or practice of the City.

55.   As a proximate result of the foregoing acts of defendants, and each of them, Plaintiffs has suffered, and continues to suffer, extreme hardship and damages, which damages include, but is not limited to, economic and non-economic damages, according to proof  at trial, but not less than $10,000,000.00; and to appropriate declaratory and injunctive relief.

12

against all the City and all of the defendants, and to her reasonable attorneys fees under 42 U.S.C. section 1988.

## SECOND CLAIM FOR RELIEF

### (Appeal by Plaintiff against Defendant City

### Pursuant to California Government

### Code 53069.4)

56.   Plaintiffs reallege and incorporates herein  reference to each and every allegation contained in Paragraphs 1 through 55, and all its subparts, inclusive, as set forth hereinabove.

57.   Plaintiffs request an appeal of the Decision and trial de novo of Administrative Citation Nos. issued August 24, 2020 and August 25, 2020 that was the subject of the appeal pursuant to California Government Code Section 53069.4(b)(1) and a reversal of such citations.

WHEREFORE,  Plaintiff  prays judgment against Defendants, and each of them, as follows:

## FIRST CLAIM FOR RELIEF

1.  For damages according to proof at trial, but believed to be not less than $10,000,000.00;

2.  For appropriate declaratory and injunctive relief,

3.  For attorney's fees pursuant to 42 U.S.C. Section 1988;

13

## SECOND CLAIM FOR RELIEF

4.  For a trial de novo and reversal of of the Administrative Citations issued

August 24, 2020 and August 25, 2020;

## FOR ALL CLAIMS FOR RELIEF

5.  For costs of suit; and

6.  For such other and further relief as the Court

deems just and proper.

DATED: April 23, 2021                    LAW OFFICES OF FRANK A. WEISER


By: _____
           FRANK A. WEISER, Attorney for
           Plaintiff FREDA PHILOMENA
           D'SOUZA

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

DATED: April 23, 2021                    LAW OFFICES OF FRANK A. WEISER


By: _____
           FRANK A. WEISER, Attorney for
           Plaintiff FREDA PHILOMENA
           D'SOUZA

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "A"**

Morgan L. Foley
Attorney at Law
8100 La Mesa Boulevard, Suite 200
La Mesa CA 91942
State Bar No. 119767

Administrative Hearing Officer,
City of San Clemente

| | | |
|---|---|---|
| IN THE MATTER OF | ) | APPEAL OF |
| | ) | ADMINISTRATIVE CITATION |
| Freda P. D'Souza | ) | (CE2017-0863) |
| 167 Avenida Valencia, San Clemente | ) | STATEMENT OF DECISION |
| Owner | ) | |
| | ) | |
| Sea Breeze Vacation Rental Mgmt. | ) | |
| | ) | |

## I
## STATEMENT OF THE CASE

This matter came on regularly for hearing before Morgan L. Foley, Administrative Hearing Officer for the City of San Clemente, initially on January 28, 2021, continued to February 12, 2021, and concluded on February 18, 2021, having been heard on those three dates, by online video conference, notice duly and regularly given. The purpose of the hearing was to determine whether violations of the San Clemente Municipal Code or applicable state codes by the owner Freda P. D'Souza (the "Owner") occurred to support two administrative citations (the first dated August 24, 2020, assessing three (3) penalties of $100 each; the second dated August 25, 2020, assessing three (3) penalties of $200 each) (individually, a "Citation," both the "Citations"). The Citations both charged the Owner with violating sections 3.24.180 (A) and 3.24.270 (B), of Chapter 3.24 of the San Clemente Municipal Code (the "Code) for allegedly advertising a short term lodging unit ("STLU") without an operating permit and zoning permit, or both, and for violating section 8.52.020 of Chapter maintaining a public nuisance, applicable to the Owner's property located at 167 Avenida Florencia, San Clemente, California (the "Property")[1] for the violations in Chapter 3.24.

Adam Atamian, Code Compliance Manager, appeared on behalf of the City of San Clemente (the "City"). Frank A. Weise, 3460 Wilshire Boulevard, Suite 1212, Los Angeles, California, appeared on behalf of the Owner.

---

[1] The Citations both refer to the Property as 167 Avenida Florenica, San Clemente, but the evidence supports the proper address to be 167 Avenida *Florencia*, San Clemente.

Mr. Atamian, Beverly Thompson-Garcia, Senior Code Compliance Officer for the City, Anthony Kurtz, Code Compliance Technician for the City, and Ms. Freda P. D'Souza, were each sworn in as witnesses and provided testimony in this matter.

There being no objections, the following documents or other physical evidence were introduced by the City and received into evidence:

City's Evidence:

Attachment A:        Property Detail Report.

Attachment B:        Administrative Citation issued to Freda P. Dsouza [sic] dated August 24, 2020, for property located at 167 Avenida Florenica [sic], APN# 692-112-01, including 17 pages of attachments.

Attachment C:        Administrative Citation issued to Freda P. Dsouza [sic] dated August 25, 2020, for property located at 167 Avenida Florenica [sic], APN# 692-112-01, including 22 pages of attachments.

Attachment D:        Cease and desist notice dated July 1, 2020, mailed to Freda P. Dsouza [sic], for property located at 167 Avenida Florenica [sic].

Attachment E.        Screen shot of redacted online complaint for an illegal short term rental unit, dated June 19, 2020.

Attachment F:        22 pages of website advertisements for rental of 167 Avenida Florencia, San Clemente, on hotels.com, (9 pages), and alwaysinn.com (10 pages) both dated June 22, 2020.

Attachment G:        Screen shots of three redacted online complaints for an illegal short term rental unit, each dated June 27, 2020.

Attachment H:        Email from Anthony Kurtz, Code Compliance Technician, to Beverly Thompson, dated June 28, 2020, at 8:26 p.m., related to 167 Avenida Florencia.

Attachment I:        13 pages of website advertisements for rental of 167 Avenida Florencia, San Clemente, on airbnb.com, (3 pages), and alwaysinn.com (10 pages) both dated June 29, 2020.

Attachment J:        Cease and desist notice dated July 1, 2020, mailed to Freda P. Dsouza, for property located at 167 Avenida Florenica [sic].

Attachment K:        Email from Beverly Thompson too "owner@alwaysinn.com," including attachment (Attachments D and J), as well as copies of envelope reflecting United States Mail Certified Mail Nos. 7018 2290 0000 2071 3495 and 7018 2290 0000 2071 3501, addressed to Freda P. Dsouza [sic].

Attachment L:        6 pages of website advertisements for rental of 167 Avenida Florencia, San Clemente, on airbnb.com, dated July 10, 2020.

Attachment M:        Email from Freda D'Souza (owner@alwaysinn.com) to Beverly Thompson, dated July 13, 2020, at 2:20 p.m., and email reply from Beverly Thompson on July 13, 2020, at 2:45 p.m.

Attachment N:        Email from Beverly Thompson to Freda D'Souza, dated July 20, 2020, at 10:17:02 a.m., with airbnb.com advertisement for property located at 167 Avenida Florencia, San Clemente.

Attachment O:        Email from Beverly Thompson to Freda D'Souza, dated July 20, 2020, at 10:17:02 a.m., with airbnb.com advertisement (1 page) and AlwaysInn.com advertisement (5 pages) both for property located at 167 Avenida Florencia, San Clemente.

Attachment P:        10 pages of website advertisements for rental of 167 Avenida Florencia, San Clemente, identified as existing on July 22, 2020.

Attachment Q:        Email from Freda D'Souza to Joanne Baade, dated September 1, 2020, requesting the Owner's appeal of the Administrative Citations of August 24 and 25, 2020.

Attachment R:        Letter dated September 16, 2020 from Adam Atamian, Code Compliance Officer, city of San Clemente, to Freda [sic] D'Souza, notifying Owner of the requirements for conducting the administrative appeal.

Attachment S:        Notice of Administrative Hearing dated December 18, 2020.

There being no objections, the following documents or other physical evidence were introduced by the Owner and received into evidence:

Owner's Evidence:

Exhibit 1:        12 pages of emails between Owner and (1) Beverly Thompson (dated July 13, 2020 and July 22, 2020, and (2) Joanne Baade (dated September 1, 2020).

Exhibit 2:        Complaint for Damages; Injunctive and Declaratory Relief, in the matter of *Freda Philomena D'Souza vs. City of San Clemente, et al.*, United States District Court Case No. 20-cv-01863-FLA-DRM.

Exhibit 3:        Photographs of emails from Owner to (1) Joanne Baade, dated September 1, 2020, and September 10, 2020; and (2) Beverly Thompson, of unknown dates. One page photograph of a chart. Email from Megan Jimenez of unknown date, related to the conduct of the administrative hearing. Two pages of a communication to Beverly Thompson from the Owner, of unknown date. One page of a chart of bookings of the Property through Airbnb and Expedia.

Exhibit 4:      Documents consisting of various emails and letters, as well as the Complaint for Damages (Exhibit 2), Bates stamped APP001 through APP060.

## II
## FINDINGS OF FACT

1.      On July 1, 2020, through and including July 22, 2020, Freda P. D'Souza (the "Owner") owned the property located at 167 Avenida Florencia (the "Property"), in the city of San Clemente, California.

2.      On June 19, 2020, the city of San Clemente (the "City") received an online complaint (the " Initial Complaint") that Owner was operating a short term living unit ("STLU") at the Property without an STLU operating license.

3.      On June 20, 2020, City's inspectors investigating the Initial Complaint observed out-of-state license plates for a vehicle parked at the Property. On or about June 20, 2020, City's Senior Code Compliance Officer, Beverly Thompson ("CCO Thompson") reviewed City records and found that no STLU operating license was issued for the Property. On June 22, 2020, CCO Thompson conducted further investigation and located online advertisements for short term rental of the Property on hotels.com and alwaysinn.com.

4.      On June 27, 2020, three (3) new online complaints (collectively, the "Subsequent Complaints") were received by the City, each alleging that the Property was being operated as a "vacation rental" or a short term living unit, with complaints excessive noise, large parties, and the lack of a proper STLU operating license. In investigating the Subsequent Complaints the City's Code Compliance Technician, Anthony Kurtz, conducted a site inspection and in the early morning hours (not long after midnight) on Sunday, June 28, 2020, witnessed people at the Property, on the balcony. Mr. Kurtz spoke with the individuals on the balcony, who told him that the unit was rented on Airbnb, that they were renting it for 2 days, and that it was occupied by 8 people.

5.      On June 29, 2020, CCO Thompson conducted an additional investigation and located advertisement to lease the Property as a short term living unit on airbnb.com, alwaysinn.com, and instantworldbooking.com.

6.      On July 1, 2020, CCO Thompson sent a "Cease and Desist Notice" to Owner, ordering that she cease and desist operating or using the Property as an unpermitted and unapproved STLU, immediately. The order was mailed to Owner at her known address, at the Property, and was also emailed to her at owner@alwaysinn.com.

7.      On July 20, 2020 and July 22, 2020, a relationship of principal (Owner) and agent (Airbnb, Expedia, Always Inn, Instant World Booking, and Motels.com) existed.

8.      On July 20, 2020, the Owner or her agents, e.g., Airbnb, Expedia, Always Inn, advertised the Property for rent to tenants on a less than 30 day basis.

9.    Short term living units are permitted by the city of San Clemente if the owner is in possession of an STLU operating license.

10.    On July 20, 2020, Owner was not in possession of an STLU operating license for the Property.

11.    On, July 20, 2020, Owner or Owner's agents, e.g., Airbnb, Expedia, and Always Inn, advertised the Property for rent as short term living units.

12.    On July 22, 2020, the Owner or her agents, e.g., Airbnb, Expedia, Always Inn, advertised the Property for rent to tenants on a less than 30 day basis.

13.    On July 22, 2020, Owner was not in possession of an STLU operating license for the Property.

14.    On August 24, 2020, an Administrative Citation for Case No. CE2017-0863 was issued and served on Owner, by certified mail.  The August 24, 2020 Administrative Citation identifies three (3) separate violations occurring on July 20, 2020: (1) a violation of San Clemente Municipal Code section 3.24.180(A) (advertising an STLU for the Property without an STLU operating license; (2) a violation of San Clemente Municipal Code section 3.24.270(B) (any person advertising an STLU without an STLU operating license is guilty of a misdemeanor); and (3) a violation of San Clemente Municipal Code section 8.52.020 (public nuisance) for allowing, maintaining or committing any public nuisance, or willfully failing to commit any legal duty relating to the removal of a public nuisance.

15.    On August 25, 2020, an Administrative Citation for Case No. CE2017-0863 was issued and served on Owner, by certified mail.  The August 24, 2020 Administrative Citation identifies three (3) separate violations occurring on July 22, 2020: (1) a violation of San Clemente Municipal Code section 3.24.180(A) (advertising an STLU for the Property without an STLU operating license; (2) a violation of San Clemente Municipal Code section 3.24.270(B) (any person advertising an STLU without an STLU operating license is guilty of a misdemeanor); and (3) a violation of San Clemente Municipal Code section 8.52.020 (public nuisance) for allowing, maintaining or committing any public nuisance, or willfully failing to commit any legal duty relating to the removal of a public nuisance.

### III
### DETERMINATION OF ISSUES

1.    Owner has initially objected to the procedures for the selection of a hearing officer for this proceeding.  The City's Code Compliance Manager, Mr. Atamian, testified that hearing officers for the City's administrative appeal process are part of a list of qualified and independent persons, and their selection by the City Clerk's office is on a rotational basis.  The present hearing officer informed the Property Owner that he has performed this service for at least two, but not more than three, times in the past, spread over an approximately three years.

Based on the foregoing this hearing officer overruled Owner's objection, finding that his selection without her consent does not violate her right to due process under the Fourteenth Amendment of the United States Constitution.

2.     Following the hearing Owner has also raised the validity of the City's STLU ordinance as being "void for vagueness." Specifically, Owner argues, "it is unclear whether a third party platform is legally responsible under [Article III of Chapter 3.24 of the San Clemente Municipal Code] for such advertising even though it is undisputed by any credible evidence that [Owner] consented, paid or sponsored the claimed violations." However, a complete reading of Chapter 3.24 includes a definition of "Agent," in section 3.24.020, as "a duly authorized individual, company, or legal entity engaged by the owner of a lodging unit to represent, manage, or oversee the operations of the lodging unit on behalf of the owner." Further, Article III of Chapter 3.24, includes section 3.24.170, which provides, in pertinent part, as follows:

> An owner may retain an agent to comply with the requirements of this chapter and Title 17 of this code including, without limitation the filing of all reports and remittance of transient occupancy taxes, the filing of an application for any applicable operating license or zoning permit the management of a hotel or STLU and the compliance with the conditions of the any applicable operating license or zoning permit. . . . The owner is ultimately responsible for compliance with the provisions of this chapter and Title 17 of this code, the failure of an agent including an operator to comply with this chapter and this code is non-compliance by the owner.

Based on a reading of the entirety of Chapter 3.24, it is clear that persons of common intelligence would understand that an owner of a rental property can act – or fail to act – through an agent. Action would include advertising a property for short term (i.e., less than 30 days) occupancy. Owner's objection for "vagueness" is overruled.

3.     Owner also argues that being unable to advertise her Property for less than 30 days occupancy is somehow in violation of her right to free speech under the First Amendment to the United States Constitution. However, Owner fails to consider that any speech that might be prohibited is commercial speech, not non-commercial speech. Commercial speech is not entitled to the same level of protection as non-commercial speech when the regulation is designed either to prevent false or misleading advertising, or to alleviate distinctive adverse effects of the specific speech. In the case of Chapter 3.24, and specifically Article III, it appears that the prohibition of advertising an STLU when owner does not possess the requisite permit, is intended to prevent false or misleading advertising, since advertising the availability of an STLU where it isn't legally permitted by the City is at worst, false advertising, and at best misleading the target audience.

Owner also argues that the restriction on advertising the availability of the Property on a less than 30 days basis prevents her from taking part in what can be described as political, and non-commercial, speech. Clearly, advertising the Property as an STLU is not "petitioning activity" to "redress [her] grievances." Equally clear is that such advertising is commercial speech.

Owner's objections on the basis that the City's ordinances violate her First Amendment rights is also overruled.

4.      Owner's argument that she has been denied equal protection of the subject ordinance also fails. There was no evidence presented by Owner that provides support to this claim, even under argument of "selective enforcement," or "pretextual code enforcement." Owner was allowed every opportunity to comply with the ordinances and provided adequate warning that failure to comply could result in an administrative citation. In fact, Owner was well aware of the need to comply with the City's STLU ordinances as she details in her allegations in her pending lawsuit against the City in the United States District Court Central District of California. Clearly, based on the evidence presented through numerous complaints, and the statements made by tenants, the City's administrative citations, and all actions leading up to those citations, came prior to the lawsuit; therefore there is no support of any implied retaliation on the part of the City in response to the filing of her federal lawsuit, and no evidence of selective enforcement or pretextual code enforcement prior thereto.

5.      Finally, Owner argues that the fines (potentially a total of $900) constitute a "per se taking of property" under the Fifth Amendment of the United States Constitution or, in the least, a regulatory taking under the <u>Penn Central Transportation Company</u> case. However, Owner provides no support to reach a conclusion of a per se taking; and a regulatory taking must take all economically viable use of the property has been denied, and no such situation exists under these circumstances. Owner's claim and objection of an actual or regulatory taking of property without just compensation is overruled.

6.      Based on the Findings of Fact and the determinations set forth in sections 1 through 5, above:

        A.     The Owner violated SCMC section 3.24.180 (A) on July 20, 2020;
        B.     The Owner violated SCMC section 8.52.020 on July 20, 2020;
        C.     The Owner violated SCMC section 3.24.180 (A) on July 22, 2020; and
        D.     The Owner violated SCMC section 8.52.020 on July 22, 2020.

However, the charges that Owner has violated section 3.24.270 (B) on either July 20, 2020 or July 22, 2020, are not upheld. That section merely states that violation of the ordinance is a misdemeanor, and that section does not create a separate prohibition; rather, it is legislating a possible criminal charge and this hearing officer has not authority to find that the Owner has committed a crime.

## IV
## DECISION

Based upon the foregoing, including the evidence presented, both documentary and through oral testimony presented, it is the decision of this hearing officer that the Owner shall pay, and the City shall recover, the following amounts:

As to a violation of San Clemente Municipal Code section 3.24.180 – advertising for an STLU at 167 Avenida Florencia, San Clemente, without the requisite STLU operating license, on July 20, 2020, the amount of $100.

As to a violation of San Clemente Municipal Code section 8.52.020 – maintaining or committing a public nuisance by advertising an STLU at 167 Avenida Florencia, San Clemente, without the requisite STLU operating license, on July 20, 2020, the amount of $100.

As to a violation of San Clemente Municipal Code section 3.24.180 – advertising for an STLU at 167 Avenida Florencia, San Clemente, without the requisite STLU operating license, on July 22, 2020, the amount of $200.

As to a violation of San Clemente Municipal Code section 8.52.020 – maintaining or committing a public nuisance by advertising an STLU at 167 Avenida Florencia, San Clemente, without the requisite STLU operating license, on July 22, 2020, the amount of $200.

## V
## ORDER

THEREFORE, the following order is made:

1.      Owner shall pay to the City of San Clemente the amount of $600.

2.      This order shall be effective the date set forth below notwithstanding the date that notice of this decision shall be served by mail on the parties.

Dated 5. APRIL '21

Administrative Hearing Officer

- 8 -